IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERBERT R. LEWIS, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-05-177-F |
| | ) |
| ROBERT HUDSON, et al., | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The complaint has been examined pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and for the reasons set forth herein, it is recommended that the case be dismissed upon filing.

**Plaintiff's Complaint**

By Count I of his complaint, Plaintiff claims that his Fourth, Fifth, Sixth and Fourteenth Amendment rights have been violated "by the named individuals"[1] from the time of his arrest and first court appearance through his current incarceration in the Payne County jail [Doc. No. 6, pages 1 and 3]. Plaintiff specifically alleges in his facts supporting Count I that the Payne County Sheriff disregarded jail standards and denied basic rights and medical attention to prisoners. Plaintiff also complains about the denial

---

[1] Named Defendants are Robert Hudson, District Attorney; Phillip Corley, District Judge; Judge Worthington, District Judge; Carl Hiner, Payne County Sheriff; Mark Hall, Payne County Jail Administrator; Noel Gramham, Payne County Undersheriff; Officer Linguinbuil, Stillwater Police Officer; City of Stillwater; Bud Lacy, Mayor of Stillwater; Chief Nickels, Stillwater Chief of Police, and Dennis McGrath, Stillwater City Attorney [Doc. No. 6, pages 1 - 2 and two following attached, unnumbered pages].

of his constitutional rights in connection with his court appearances, specifically challenging Defendant Judge Corley's rulings and actions in connection with the pending charges and with regard to Plaintiff's appointed counsel and access to a law library [Doc. No. 6, unnumbered page following page 3]. Plaintiff argues, generally, that he has been oppressed by the judicial system and by over-zealous prosecution. *Id.*

Count II alleges racial profiling, harassment and unnecessary use of force [Doc. No. 6, page 3].[2] Here, Plaintiff's supporting facts describe his encounters with Defendant Linguinbuil, a Stillwater police officer. *Id.* Plaintiff complains of racial profiling – about which he allegedly complained to the District Attorney – and being surrounded at gunpoint during the course of various arrests and encounters. *Id.* Plaintiff further maintains that he was swindled out of his car and his truck and trailer by unnamed individuals and that, "to [his] knowledge," the Defendant Stillwater police department had not assisted his family with the recovery of these vehicles. *Id.*

In Count III, Plaintiff charges prosecutorial and judicial misconduct, claiming that the prosecutors did not properly investigate the charges against him and the judiciary allowed the prosecutorial conduct [Doc. No. 6, page 4].

**Standard of Review for Initial Screening**

Pursuant to 28 U.S.C. § 1915A(a), the court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. Notwithstanding any filing fee or any portion thereof that may have been paid, it is the responsibility of the court to dismiss

---

[2] Plaintiff is neither asserting claims nor requesting damages for physical injury.

a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991)(citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### Claims Relating to Pending State Criminal Actions

As his only requested relief, Plaintiff asks that "I been given my rights by these violators [and] that they be held accoutable for the unethical practices in which they use in Payne County under color of the law in which thier suppose to uphold [and] that I be compensated for my time lost from work [and] that the equipement thats been taken be truck trailer and car be recovered or paid for and business loss be paid for." [Doc. No. 6, page 5]. As Plaintiff has already raised (and may continue to raise) in the course of his pending state criminal proceedings each of the claims he is making here – racial profiling, unnecessary force, prosecutorial misconduct, judicial misconduct, lack of access to a law library[3] – by asking this court to enter its own judgment with regard to these claims and to enforce his "rights," he is, in effect, seeking this court's involvement in ongoing state criminal proceedings.[4] A ruling by this court on the issues raised by Plaintiff would

---

[3]Although Plaintiff complained generally in Count I about Payne County prisoners' conditions of confinement, he made no specific allegations about any injury which he has suffered. If Plaintiff is attempting to assert claims on behalf of other inmates he lacks the requisite standing; if he is attempting to assert a claim on his own behalf, his allegations are conclusory and fail to state a claim for relief. *See Swoboda v. Dubach,* 992 F.2d 286, 289 - 290 (10th Cir. 1993).

[4]Publically-available docket sheets found at www.oscn.net, reveal that Plaintiff is awaiting trial in Payne County in four cases, Nos. 04-947, 04-1410, 04-1610 and 05-111. The docket sheets, accessed on July 1, 2005, further reveal that on January 3, 2005, in Case No. 04-947, Plaintiff filed motions to quash, suppress and dismiss along with a writ of habeas corpus mandamus and a document entitled "Violation of Constitutional Rights/Defamation of Character Slander Libel." Complaints of racial profiling, prosecutorial

interfere with the state court's ability to conduct Plaintiff's criminal proceedings.

In the case of *Younger v. Harris,* 401 U.S. 37,43 (1971), the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit. The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Narrow exceptions exist for unusual circumstances involving irreparable injury, with an accompanying demonstration of bad faith or harassment or other unusual circumstances. *See Younger*, 401 U.S. at 53-54. Thus, whenever there are (1) ongoing state proceedings (2) which implicate important state interests(3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenges, abstention is appropriate. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If these three conditions are met, *Younger* abstention is not discretionary but is mandatory absent extraordinary circumstances. *Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson,* 874 F.2d 709, 711 (10th Cir. 1989).

Here, Plaintiff has been charged in state court and is awaiting trial. During the course of his criminal proceedings and at his trial, he continues to have the opportunity to raise his claims of racial profiling and unnecessary force as well as judicial and prosecutorial misconduct and lack of access to a law library. Adequate state remedies

---

misconduct, judicial misconduct and lack of access to the law library were raised in these papers as well as in another pleading dated January 7, 2005, and entitled "Prosecutorial Misconduct." Likewise, on February 22, 2005, in Case No. 05-111, Plaintiff filed a document entitled "Complaint Filed From Defendant" in which he details his complaints surrounding the alleged conversion of his vehicles.

are, therefore, available to him. Furthermore, Plaintiff has not claimed any "exceptional circumstances" which would otherwise warrant the court's interference in the state criminal proceedings. *Younger* expressly prohibits federal intervention into the state's prosecution of Plaintiff, and his claim should be dismissed without prejudice.[5]

### **RECOMMENDATION**

For these reasons, it is recommended that the court abstain from exercising jurisdiction in this case and that Plaintiff's complaint be dismissed without prejudice to refiling. The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by the 21st day of July, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1(a). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 1st day of July, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[5] Even if Plaintiff's claims were not barred by the *Younger* abstention doctrine, named Defendants Judges Corley and Worthington and District Attorney Hudson are entitled to the protection of absolute immunity from damages under § 1983. *See Mireles v. Waco,* 502 U.S. 9, 11 - 12 (1991) (trial judge absolutely immune from civil suits for actions taken in his judicial capacity unless the actions were taken in the clear absence of all jurisdiction over the subject matter); *Buckley v. Fitzsimmons,* 509 U.S. 259, 272 (1993) (district attorneys entitled to the protection of absolute immunity from damages for actions taken in the course of their role as advocates for the state). As to Plaintiff's claims that the Stillwater police department was not responsive to his family's request for help in recovering vehicles from third parties, Plaintiff has alleged no facts demonstrating how this alleged failure violated his federally protected rights, an allegation necessary to the maintenance of a § 1983 action. *See Pitts v. Turner and Boisseau Chartered,* 850 F.2d 650, 653 (10th Cir. 1988) (a plaintiff must allege the violation of a federally protected right in order to state a § 1983 claim for relief).